UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE

ROSALIE GUANCIONE.
_____/

No. C-12-3910 EMC

**ORDER DENYING DEBTOR'S MOTION TO WITHDRAW REFERENCE**

**(Docket No. 1)**

## I. INTRODUCTION

Pending before the court is debtor Rosalie Aubree Guancione's motion to withdraw reference from the United States Bankruptcy Court of the Northern District of California to the district court. Docket No. 1. Debtor asserts both mandatory and discretionary withdrawal. Pursuant to Civil Local Rule 7–1(b), the Court determines that the matters are appropriate for resolution without oral argument, and **VACATES** the hearing. For the reasons set forth below, the Court **DENIES** Debtor's motion to withdraw the reference.

## II. DISCUSSION

A. <u>Legal Standard</u>

The Court may withdraw, in whole or in part, any case or proceeding referred to the bankruptcy judges of its district and may do so on its own motion or on the timely motion of any party. 28 U.S.C. § 157(d). The burden of persuasion is on the party seeking withdrawal of the reference. *In re First Alliance Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001); *Hawaiian Airlines, Inc. v. Mesa Air Group, Inc.*, 355 B.R. 214, 218 (D. Haw. 2006). Withdrawal of the reference may be mandatory or discretionary. 28 U.S.C. § 157(d). The Court must, on timely motion of a party,

withdraw a proceeding if the Court determines that resolution of the proceeding requires consideration of both Title 11[1] (the Bankruptcy Act) and other laws of the United States regulating organizations or activities affecting interstate commerce. 28 U.S.C. § 157(d). Otherwise, the Court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. 28 U.S.C. § 157(d).

B.    Mandatory Withdrawal

"The Ninth Circuit has not squarely addressed mandatory withdrawal, but other circuits have held that 'mandatory withdrawal is required only when [non-title 11] issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law.'" *In re Tamalpais Bancorp*, 451 B.R. 6, 8 (N.D. Cal. 2011). "Courts within the Ninth Circuit have adopted this approach." *In re Douglas*, 2011 WL 1740607, at *2 (E.D. Cal. 2011) (collecting cases). Therefore, a movant must do more than merely suggest that novel issues of law could possibly arise in a bankruptcy proceeding. *Id.* at 9 (noting that consideration of mandatory withdrawal should emphasize what issues are to be addressed rather than merely what statutes are involved). Routine application of non-Bankruptcy code federal statutes alone does not warrant mandatory withdrawal. *In re Roman Catholic Bishop of San Diego*, 2007 WL 24068909, at *1 (S.D. Cal. 2007) (citing *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990)); *see also Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir. 1996) (holding that withdrawal is not required based on the mere presence of non-Title 11 issues, even if that issue is outcome determinative).

Furthermore, district courts in the Ninth Circuit have identified at least two additional requirements for withdrawal. *In re Roman Catholic Bishop of San Diego*, 2007 WL 24068909, at *1. First, mandatory withdrawal is inappropriate where the asserted non-bankruptcy laws do not relate to interstate commerce. *Id.* at *2. Second, only federal law, not non-binding policy, can trigger mandatory withdrawal. *Siegal v. Caldera*, 2010 WL 1136220 at *3 (C.D. Cal. 2010); *see also*, *Siegal v. F.D.I.C.*, 2011 WL 2883012, at *4 (C.D. Cal. 2011).

---

[1] The Bankruptcy Act is codified at 11 U.S.C. § 101 et seq. *In re Mann Farms, Inc.,* 917 F.2d 1210, 1211 n. 1 (9th Cir. 1990).

Here, Debtor claims that the proceeding involves the interpretation of eighteen different federal laws. Mot. at 8. Debtor also discusses several issues that she claims involve the interpretation of federal law. However, Debtor fails to demonstrate that the asserted non-bankruptcy laws relate to interstate commerce nor that they involve anything other than a routine application of federal law. Debtor has merely listed the statutes without identifying which specific issues regarding those statutes are to be interpreted.

Instead, Debtor appears to address certain legal claims that do not indicate how non-Title 11 laws are implicated. Mot. at 9-12. First, Debtor claims that her 2000 Cadillac STS was not a motor vehicle and therefore could not be seized because it was not used for commercial purposes as required by 18 U.S.C. §31(a)(6). Mot. at 9-11. Debtor relies on 18 U.S.C. §31, a criminal statute, which explicitly states that, "In this chapter, the following definitions apply". 18 U.S.C. §31. There is no indication that such definitions, which are presented in a criminal context, would apply outside the context of 18 U.S.C. §31, such as the instant proceedings. Nor is there any indication that issues regarding the seizure of Debtor's Cadillac are outside the proper role of the bankruptcy court for determination. More importantly, Debtor does not explain how any applicable non-Title 11 legal issues are novel or unsettled.

Next, Debtor argues that the Cadillac was paid for with funds from social security disability income and is therefore exempt from levy by federal statute. Mot. at 4. Typically, social security disability benefits are not subject to distribution to creditors by a trustee in bankruptcy. *In re Hall*, 442 B.R. 754, 762 (Bankr. D. Idaho 2010) (citing, *e.g.*, 42 U.S.C. § 407(a)) ("The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this sub-chapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."). She does not explain how this provision applies to assets purchased by social security payments (*i.e.*, after those payments have been spent). In any event, this appears to be a determination properly for the bankruptcy court, as it concerns the resolution of disputes between creditors and debtors. Nor does Debtor demonstrate that a unique interpretation of § 407 is required.

3

Debtor also demanded a jury trial and claims that the possibility of a jury trial supports the withdrawal of the proceeding to the district court. Mot. at 6. However, even assuming a jury trial will be warranted, an exercise of the Seventh Amendment jury trial right alone does not mean the bankruptcy court must instantly give up jurisdiction. *In re Macklin*, No. 2:12-cv-01752-GEB-JFM, 2012 WL 2935052, at *3 (E.D. Cal. 2012) (quoting *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007)). This argument does not mandate withdrawal of the proceeding. Debtor makes no showing that "[j]udicial efficiency and uniformity will [not] be promoted by allowing the bankruptcy court, [who is] already familiar with the [proceeding], to manage the proceedings until the case becomes ready for trial[.]" *Id.* (quoting *In re CIS Corp.*, 172 B.R. 748, 764 (S.D.N.Y. 1994).

Debtor asserts that her Eleventh Amendment citizenship status grants her immunity from state court jurisdiction. Mot. at 6. The Eleventh Amendment bars states from being sued in federal court; federal court actions against state agencies or instrumentalities; and suits for damages against a state official, in his or her official capacity. *Shipley v. Hawaii*, 2006 WL 1582431, at *2 (D. Haw 2006) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Shaw v. Cal. Dept. Of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir. 1986); *Kentucky v. Grahm*, 473 U.S. 159, 166-67 (1985)). Debtor fails to show how the Eleventh Amendment applies. She does not appear to assert any claim against a state entity which might implicate the Eleventh Amendment. Nor does she show how her claim involves a unique interpretation of federal law.

Finally, Debtor conclusively asserts that the operation of a motor vehicle is directly related to interstate commerce, that she has a security interest in judgments of foreign jurisdictions, that the State of California and the California Department of Motor Vehicles creditors have attempted to force contracts upon Americans and charge them for those contracts, and that there was a seizure without a valid warrant. Mot. at 5-7. Debtor also lists unlawful foreclosure, real estate laws, federal debt collection laws, and consumer protection laws as applicable to this case without any factual support or explanation for their alleged application. Similarly, she references *Monell* liability and 42 U.S.C. § 1983 at the beginning of her motion, with no explanation as to any connection to her case.

1 These claims appear incoherent.  In any event, she fails to demonstrate that her claims raise novel
2 issues of non-Title 11 law.
3       Accordingly, the Court **DENIES** Debtor's motion to withdraw the reference on the basis of
4 mandatory withdrawal.

5 C.    <u>Discretionary or Permissive Withdrawal</u>

6     1.    <u>Effect of Core or Non-core Nature of Proceeding</u>

7       Regarding the motion to withdraw the reference as a matter of discretion, courts should first
8 consider whether the claim is a core or non-core proceeding. *In re Orion Pictures Corp.*, 4 F.3d
9 1095, 1101 (9th Cir. 1993).  However, whether the proceeding is core or non-core is not dispositive
10 and is only one factor that the Court considers to decide whether to withdraw the reference. *In re*
11 *Daewoo Motor Am., Inc.*, 302 B.R. 308, 310 (C.D. Cal. 2003).

12       Proceedings are characterized as non-core if they do not depend on bankruptcy laws for their
13 existence and could otherwise proceed in another court. *Sec. Farms v. Int'l Broth. of Teamsters,*
14 *Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Castlerock*
15 *Props.*, 781 F.2d 159, 162 (9th Cir. 1986)).  There is a list of core proceedings provided in 28 U.S.C.
16 §157(b)(2).  The list of core proceedings in 28 U.S.C. § 157(b)(2) is non-exhaustive and those
17 provisions must be read narrowly to avoid constitutional problems. *In re Tamalpais Bancorp*, 451
18 B.R. at 10 (citing *Dunmore v. United States*, 358 F.3d 1107, 1115 (9th Cir. 2004).

19       Although Debtor's assertions are ambiguous, these proceedings appear to be core bankruptcy
20 proceedings.  The primary issue appears to relate to the seizure of Debtor's 2000 Cadillac STS.
21 Mot. at 5-6 ("This case involves illegal seizure of assets without any 4th amendment judge signed
22 warrant.").  Debtor appears to assert claims that relate to Debtor's property, which appears to have
23 been seized pursuant to her bankruptcy status.  Indeed, Debtor's motion appears to confirm that the
24 main thrust of her claims is to "ensure protection of her assets and [] deny [] creditor claims to her
25 income which is exempt from levy and her possessions, property and real property, which are also
26 exempt as paid for with income exempt from levy . . . ." Mot. at 6.  This proceeding thus appears to
27 be under either 28 U.S.C. §157(b)(2)(E) (Orders to Turn Over Property of the Estate), 28 U.S.C.
28 §157(b)(2)(K) (Determinations of the Validity, Extent or Priority of Liens), or 28 U.S.C.

§157(b)(2)(O) (Other Proceedings Affecting the Liquidation of the Assets of the Estate or the Adjustment of the Debtor-Creditor or the Equity Security Holder Relationship).

### 2. Other Factors

The Court must determine whether Debtor has demonstrated that good cause for withdrawal by considering the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, and the prevention of forum shopping and other related factors. *In re Tamalpais Bancorp*, 451 B.R. at 10 (citing *Sec. Farms,* 124 F.3d at 1008 (citing *In re Orion Pictures Corp.*, 4 F.3d 1095 at 1101)); *see also*, *In re Heller Ehrman*, 464 B.R. 348, 351-59 (N.D. Cal. 2011) (considering, e.g., the claimed uncertainty of the powers of the bankruptcy court regarding potentially lengthy motions, the fact that discovery was still in the earliest stages, that the case involved unsettled issues of state law, that the bankruptcy judge was already familiar with the case, that there would be delay and costs to parties, and that the claims arose from bankruptcy law and would not exist but for the bankruptcy).

In the instant case, the Court concludes that Debtor has failed to demonstrate that permissive withdrawal is warranted for several reasons. First, since this action involves the seizure of a debtor's personal property, a typical issue before the bankruptcy courts. *See* General Order No. 24, Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges and Authorizing Bankruptcy Appeals to be Decided by the Ninth Circuit Bankruptcy Appellate Panel.

Second, allowing Debtor to withdraw the reference would promote forum shopping because such a withdrawal would remove core proceedings from the bankruptcy court merely because Debtor has a preference to litigate in the district court.

Third, this Court has no pre-existing familiarity with this case. Rather, the bankruptcy judge already has familiarity with the proceedings, as indicated by filings in that docket and the fact that the case has already been pending there since August 15, 2011. Therefore, it is more expeditious and cost-efficient for the bankruptcy court to retain the case. *See e.g. Hawaiian Airlines, Inc.*, 355 B.R. at 222 (Even though there were non-core matters at issue, the court recognized that consideration of the action by the bankruptcy court was the most efficient resolution since that court was already familiar with the relevant circumstances of the case.).

Fourth, although Debtor has demanded a jury trial, as discussed above, such a demand can be accommodated in bankruptcy court.

Fifth, this action does not involve a class action or other type of proceeding requiring treatment by the district court. *Cf. Malone v. Norwest Fin. California, Inc.*, 245 B.R. 389, 400-01 (E.D. Cal. 2000) (exercising its discretion to withdraw reference of the class action by chapter 7 debtors against a commercial creditor and noting that the district court had more experience in the handling of class actions than the bankruptcy court).

Finally, allowing the matter to proceed before the Bankruptcy Court will cause no delay or prejudice to Debtor.

In short, Debtor has not demonstrated that the factors to be considered for a permissive withdrawal weigh in favor of withdrawal of the reference to the district court. Accordingly, the Court **DENIES** Debtor's motion to withdraw the reference on the basis of permissive withdrawal.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to withdraw the reference is **DENIED**.

This Order disposes of Docket No. 1.

IT IS SO ORDERED.

Dated: September 18, 2012

_____
EDWARD M. CHEN
United States District Judge