UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE

ROSALIE GUANCIONE.
_____/

No. C-12-3910 EMC

**ORDER (1) DENYING DEBTOR GUANCIONE'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ; (2) DENYING AS MOOT THIRD-PARTY STEWART'S MOTION TO USE ECF ACCOUNT; (3) GRANTING DEBTOR GUANCIONE'S MOTION FOR PERMISSION TO E-FILE; AND (4) GRANTING DEBTOR GUANCIONE'S MOTION TO CORRECT DOCKET SHEET**

**(Docket Nos. 13, 14, 18)**

Previously, this Court issued an order denying Debtor Rosalie Aubree Guancione's motion to withdraw reference from the United States Bankruptcy Court of the Northern District of California. *See* Docket No. 10 (order). Ms. Guancione has now appealed that order and asks for leave to proceed *in forma pauperis* on the appeal. Three other motions are also pending before the Court: (1) a motion filed by a third party, asking for permission to use his ECF account to make filings in the instant case; (2) a motion filed by Ms. Guancione, asking for permission to e-file; and (3) a motion filed by Ms. Guancione, asking that the Clerk of the Court correct the docket sheet to reflect that she has made a jury demand. Each of these motions is addressed below.

///

///

///

## I. DISCUSSION

A. <u>Ms. Guancione's Application to Proceed in Forma Pauperis</u>

Title 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Courts have generally construed this to mean that an appeal must not be frivolous. *See, e.g.*, *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding "'good faith' . . . must be judged by an objective standard"; also noting "good faith" is demonstrated when appellant seeks review "of any issue not frivolous"); *Ellis v. United States*, 356 U.S. 674, 674 (1958) (stating that, "[i]n the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous"); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (stating that, "[i]f at least one issue or claim is found to be non-frivolous, leave to proceed in forma pauperis on appeal must be granted for the case as a whole").

In the instant case, the Court concludes there are no valid grounds on which to base an appeal. The Court also notes that it is highly doubtful that Ms. Guancione could establish the right to an interlocutory appeal under 28 U.S.C. § 1292. *See In re Canter*, 299 F.3d 1150, 1153 (9th Cir. 2002) (indicating that orders withdrawing reference of cases to the bankruptcy court are interlocutory); *In re Chateaugay Corp.*, 826 F.2d 1177, 1179 (2d Cir. 1987) (holding that "an order granting or denying withdrawal under Section 157(d) is not a final appealable order").

The Court thus denies Ms. Guancione's application. The Court further certifies that any appeal taken from the order denying the motion to withdraw will not be taken in good faith. The Clerk of the Court shall immediately notify Ms. Guancione and the Court of Appeals of this order. *See* Fed. R. App. P. 24(a)(4).

B. <u>Third Party's Motion to Use ECF Account</u>

Third Party Prince William-Bullock III: Stewart has filed a motion in which he asks for permission to use his ECF account to make filings in the instant case. The motion is denied as moot. Mr. Stewart need not seek permission from the Court to make filings in this case, including through ECF. The Court advises Mr. Stewart, however, that any filings he makes must be in compliance

with the Federal Rules of Civil Procedure – including Rule 11 – as well as the applicable Local Rules.

C.    Ms. Guancione's "Unopposed Reply Brief"

Ms. Guancione has filed an "unopposed reply brief" which the Court construes as a motion asking for permission to e-file. Ms. Guancione's motion is hereby granted. Ms. Guancione is directed to immediately contact the ECF Help Desk at 866-638-7829 to set up an account. If Ms. Guancione already has an ECF account (her brief is not entirely clear on this matter), then she may make e-filings through this account.

D.    Ms. Guancione's Motion to Correct the Docket Sheet

Finally, Ms. Guancione has asked the Court to correct the docket sheet to reflect that she has demanded a jury trial. The Court hereby grants her request for relief but emphasizes that it is not making any ruling that Ms. Guancione is in fact entitled to a jury trial. The Court further notes that "[t]he mere presence of a jury demand in a case does not mandate withdrawal of [a] reference." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

## II.    CONCLUSION

For the foregoing reasons, the Court rules as follows:

1.    The Court denies Ms. Guancione's application to proceed in forma pauperis and certifies that any appeal taken from the order denying the motion to withdraw will not be taken in good faith. **The Clerk of the Court shall immediately notify Ms. Guancione and the Court of Appeals of this order.**

2.    The Court denies Mr. Stewart's motion for relief as moot.

3.    The Court grants Ms. Guancione's motion for permission to e-file.

///
///
///
///
///
///

3

3. The Court grants Ms. Guancione's motion to correct the docket sheet. **The Clerk of the Court shall amend the docket sheet to reflect that Ms. Guancione has made a jury demand.** This order disposes of Docket Nos. 13, 14, and 18.

IT IS SO ORDERED.

Dated: September 26, 2012

_____
EDWARD M. CHEN
United States District Judge